UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINMEI LI,<br><br>                Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; and MERRICK GARLAND, Attorney General of the United States,<br><br>                Defendants. | Case No.: 22-CV-1562 TWR (DDL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>(ECF No. 6) |

      Presently before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by Defendants Alejandro Mayorkas and Merrick Garland. (ECF No. 6, "Mot.") Plaintiff Binmei Li's deadline to oppose the Motion was August 10, 2023. (*See* ECF No. 7.) As of the date of this Order, Plaintiff has not opposed the Motion despite the Court's warning that failure to timely file an opposition to a motion may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3). (*See* ECF No. 7.)

      In any event, dismissal for lack of subject-matter jurisdiction is warranted at this time. The only relief Plaintiff seeks in her Complaint is an order requiring Defendants/United States Citizenship and Immigration Services ("USCIS") to adjudicate

her I-589 Application for Asylum and Withholding of Removal within ninety days. (*See* ECF No. 1 at 2–3.)  After Plaintiff filed her Complaint, USCIS interviewed Plaintiff and subsequently found Plaintiff ineligible for asylum.  (*See* Mot. at 2–3; ECF No. 6-1 at 4–6.) USCIS then referred Plaintiff's asylum application to an immigration judge for adjudication in removal proceedings.[1]  (*See* ECF No. 6-1 at 4–6.)  As such, Plaintiff's claim is moot—Plaintiff has already received the relief she requested in her Complaint and there is no longer a live case or controversy for the Court to resolve.  (*See* Mot. at 3–4.)  *See Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) ("Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented."); *id.* (explaining courts "cannot take jurisdiction over a claim as to which no effective relief can be granted, because 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" (citation omitted)).  Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.  The Clerk of Court is **DIRECTED** to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated:  August 24, 2023

Honorable Todd W. Robinson
United States District Judge

---

[1] If, after an asylum interview, a USCIS asylum officer does not grant asylum to the applicant, and the applicant appears to be inadmissible or deportable, the officer shall refer the application to an immigration judge for adjudication in removal proceedings.  *See* 8 C.F.R. § 208.14 (c)(1).  Once an applicant's case is placed in removal proceedings before an immigration judge, the immigration judge has exclusive jurisdiction over the asylum application.  *See* 8 C.F.R. § 208.2(b).